Ryan EVERETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–02–216–CR.

Court of Appeals of Texas,
Waco.

Oct. 23, 2002.

Ryan Everett, Pro Se.

John W. Segrest, McLennan County District Attorney, James Wiley, McLennan County Asst. District Attorney, Waco, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

The trial court revoked Ryan Everett's community supervision for sexual assault in June 2000. Everett filed a motion for a free copy of the trial record in May 2002. The trial court denied the motion, and Everett appealed.

Article V, section 6 of the Texas Constitution invests this Court with jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. Article 44.02 of the Code of Criminal Procedure provides in pertinent part, "A defendant in any criminal action has the right of ap-

peal." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). Texas courts have consistently construed article 44.02 to allow an appeal only "from a 'final judgment [of conviction],' though the statute does not contain this limitation on its face." *Benford v. State,* 994 S.W.2d 404, 408–09 (Tex. App.-Waco 1999, no pet.) (quoting *State v. Sellers,* 790 S.W.2d 316, 321 n. 4 (Tex. Crim.App.1990)). This Court has jurisdiction over other types of criminal appeals only when "expressly granted by law." *Benford,* 994 S.W.2d at 409 (quoting *Apolinar v. State,* 820 S.W.2d 792, 794 (Tex. Crim.App.1991)).

A defendant in a criminal case should perfect a separate appeal when a trial court denies his request for a free appellate record. *See Nelson v. State,* 6 S.W.3d 722, 726 (Tex.App.-Waco 1999, order, no pet.). However, no statute vests this Court with jurisdiction over an appeal from an order denying a request for a free copy of the trial record when such a request is not presented in conjunction with a timely-filed appeal. *Cf. Turner v. State,* 71 S.W.3d 928, 929–30 (Tex.App.-Waco 2002, order) (applying Rule of Appellate Procedure 2 to allow late-filed motion for free appellate record where notice of appeal timely filed). Accordingly, we dismiss this appeal for want of jurisdiction.[1]

---

1. We recently dismissed Everett's appeal of an order denying his motion for nunc pro tunc judgment in the same underlying case for similar reasons. *See Everett v. State,* 82 S.W.3d 735 (Tex.App.-Waco 2002, pet. dism'd).