In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00006-CR


______________________________




JEREMY MICHAEL NORTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28435-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Jeremy Michael Norton has filed a motion asking to withdraw his notice of appeal
and dismiss the appeal. Pursuant to Tex. R. App. P. 42.2, his motion is granted.

 The appeal is dismissed.


 Donald R. Ross

 Justice


Date Submitted: August 4, 2003

Date Decided: August 5, 2003


Do Not Publish



5;-"/>
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00241-CR

                                                ______________________________

 

 

                         QUINCY WELLINGTON JACKSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 37052-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Quincy
Wellington Jackson filed a notice of appeal December 16, 2009, on errors
raised by written motion and ruled on before trial and on errors arising during
and subsequent to trial.  After a
thorough review of the clerks record, we found no appealable order in the
record.[1]


            A timely
notice of appeal from a conviction or an appealable order is necessary to
invoke this Courts jurisdiction.  Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996).  This Court has
jurisdiction over criminal appeals only when expressly granted by law.  Everett
v. State, 91 S.W.3d 386 (Tex. App.Waco 2002, no pet.).

            After our
receipt of the clerks record March 29, we notified counsel by letter March 30
of the possible jurisdictional defect and requested that counsel, within ten
days of the date of the letter, show this Court how it had jurisdiction.  Counsel filed a motion requesting that this
appeal be abated to the trial court for entry of an order correcting the
record to show that hearings [in a companion case] were also hearings in the
other case.    

 

 

 

 

 

 

            That motion
is overruled.  There being no appealable
order in the record, we dismiss this appeal for want of jurisdiction.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April
15, 2010

Date Decided:             April
16, 2010

 

Do Not Publish           

 

 

 

 

 

 

 











[1]We
note that the same competency hearing was involved both in this case and the
companion, but while the other case proceeded to judgment, there is nothing to
reflect that this prosecution did likewise.