11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Leonard Marion Self

Appellant

Vs.                   No.  11-03-00233-CR C Appeal from Eastland County

State of Texas

Appellee

 

Appellant
seeks to appeal the trial court=s denial of his motion requesting a free copy of trial court
records.  The trial court entered an
order denying appellant=s motion on July 9, 2003.  Other
than the order and appellant=s notice of appeal, no other documents from the trial court clerk=s record have been made a part of the
appellate record in this cause.   In
order to expedite the consideration of this appeal, we have taken judicial
notice of the trial court=s file.  See TEX. GOV=T CODE ANN. ' 22.220(c) (Vernon 1988); TEX.R.EVID. 201.  Appellant pleaded guilty on November 20, 2001, to the offense of
murder.  He did not pursue a direct
appeal of his murder conviction.  He
filed a motion requesting a free copy of trial court records on May 22,
2003.  As per the motion, appellant
seeks a free copy of the trial court records in order to prosecute a
post-conviction writ of habeas corpus.

The trial
court=s refusal to provide appellant with a free
copy of the record does not invoke our jurisdiction.  An intermediate court of appeals is not vested with jurisdiction
to consider an appeal from an order denying a request for a free copy of the
trial copy of the trial record when such request is not presented in
conjunction with a timely-filed appeal. 
Everett v. State, 91 S.W.3d 386 (Tex.App. B Waco 2002, no pet=n). 
Furthermore, an intermediate court of appeals has no jurisdiction over
post‑conviction writs of habeas corpus in felony cases. TEX. CODE CRIM.
PRO. ANN. art. 11.07 (Vernon Supp. 2003); Hoang v. State, 872 S.W.2d
694, 697 (Tex.Cr.App.1993), cert. den=d, 513 U.S. 863 (1994).  Post‑conviction
writs of habeas corpus are to be filed in the trial court in which the
conviction was obtained and made returnable to the Court of Criminal
Appeals.  Article 11.07.  








Accordingly,
this appeal is dismissed for want of jurisdiction.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

August 29, 2003                                                                       

Publish. 
See TEX.R.APP.P. 47.2(b).                           

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.