In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00102-CR
______________________________


BOBBY RAY BUTLER, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 27529-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â On August 23, 2000, Bobby Ray Butler pled guilty to two counts of aggravated sexual assault
and two counts of sexual assault. See Tex. Pen. Code Ann. Â§Â§Â 22.011(a)(2)(A, B) (child victim)
& 22.021(a)(1)(B)(i, ii) (child victim) (Vernon 2003). After a punishment trial before a jury, Butler
was sentenced to five years' confinement in the Institutional Division of the Texas Department of
Corrections for the two counts of aggravated sexual assault and two years' confinement for the two
counts of sexual assault, but further found Butler had never been convicted of a felony and
recommended he be placed on community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12,
Â§ 4 (Vernon Supp. 2003) (jury may grant defendant adjudicated community supervision for
aggravated sexual assault). The trial court sentenced Butler in accordance with the jury's verdict,
placing Butler on community supervision for a period of ten years. 
Â Â Â Â Â Â Â Â Â Â Â Â On February 20, 2003, the State filed a motion to adjudicate Butler's guilt. The trial court
heard evidence and argument on the State's motion on March 12, 2003. At the hearing, the trial court
determined the substance of the State's motion was more properly considered to be an application
for revocation of Butler's community supervision, and treated the State's motion accordingly. Butler
pled "true" to violating the terms and conditions of his community supervision, including using
marihuana. Thereafter, the trial court revoked Butler's community supervision and sentenced him
to the original term of confinement on each count of the indictment, as recommended by the jury at
trial. 
Â Â Â Â Â Â Â Â Â Â Â Â On appeal, Butler contends his sentence is disproportionately excessive given the facts of his
offense. Butler did not present this issue to the trial court or present evidence that would permit a
comparison of sentences for similar crimes in this or other jurisdictions. Accordingly, nothing has
been preserved for our review on appeal. See Tex. R. App. P. 33.1(a); Alberto v. State, 100 S.W.3d
528, 530 (Tex. App.âTexarkana 2003, no pet.). 
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice


Date Submitted:Â Â Â Â Â Â Â Â Â Â November 10, 2003
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â November 12, 2003

Do Not Publish



eWhenUsed="false" Name="Medium Grid 3 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00095-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RONALD ALLEN BOAZ,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 102nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Red
River County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR00052

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Ronald
Allen Boaz was convicted in July 2003 of sexual assault.

Â 

Â Â Â Â Â Â Â Â Â Â Â  On April 8,
2010, Boaz filed with the trial court a request for a free copy of Âtrial
transcripts and police records.ÂÂ  The
trial court denied that request April 27, 2010, and Boaz now attempts to appeal
the denial of his request.

Â Â Â Â Â Â Â Â Â Â Â  This Court
has jurisdiction over criminal appeals only when expressly granted by law.Â  Everett
v. State, 91 S.W.3d 386 (Tex. App.ÂWaco 2002, no pet.).Â  No statute vests this Court with jurisdiction
over an appeal from an order denying a request for a free copy of the trial
record when such a request is not presented in conjunction with a timely filed
direct appeal.Â  Id.; see Self v. State,
122 S.W.3d 294, 294Â95 (Tex. App.ÂEastland 2003, no pet.).

Â Â Â Â Â Â Â Â Â Â Â  We
dismiss this appeal for want of jurisdiction.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  June
9, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  June
10, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â