NOS.
12-05-00119-CR

         
12-05-00137-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROY EVERET CASTER,     §                      APPEAL
FROM THE SEVENTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

            Roy Everet
Caster appeals from an order denying him copies of court records that he wished
to use to pursue an application for a writ of habeas corpus.  We dismiss these appeals for want of
jurisdiction.

 

Background

            In 2001, Appellant pleaded guilty to
several felony offenses.  Penitentiary
sentences were assessed, and he waived appeal. 
In 2005, Appellant filed a pro se motion captioned “Indigent Prisoner’s
Motion to Obtain Records.”  In his
motion, Appellant asked the trial court to lend him copies of trial records
including trial transcripts, the clerk’s record, and descriptions of all
exhibits and physical evidence, so that he could prepare an application for a
writ of habeas corpus. The trial court denied the motion and this appeal
followed.

 

Jurisdiction








            We lack jurisdiction to review a
trial court’s ruling on a request for a copy of the record unless it is in
conjunction with an appeal over which we have jurisdiction.  Self v. State, 122 S.W.3d 294,
294–95 (Tex. App.–Eastland 2003, no pet.); Everett v. State, 91
S.W.3d 386, 386 (Tex. App.–Waco 2002, no pet.). 
Jurisdiction for postconviction writs of habeas corpus in felony cases
is specifically vested in the court of criminal appeals.  See Hoang  v. State, 872 S.W.2d 694, 697
(Tex. Crim. App. 1993); Tex. Code
Crim. Proc. Ann. art. 11.07 § 3 (Vernon
2005). 

            This is not a direct appeal or
related to a direct appeal, and the trial court’s decision to deny Appellant’s
motion does not invoke our jurisdiction.

 

Disposition

            These appeals are dismissed for
want of jurisdiction.

 

Opinion delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)