IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00208-CR

 

Robert Gonzales Rodriguez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 25,965-85-B

 



MEMORANDUM Opinion



 

Appellant Robert Gonzales Rodriguez was convicted
of the felony offense of sexual assault of a child.  Rodriguez’s ten-year
sentence was probated, and on appeal his conviction was affirmed.  See
Rodriguez v. State, No. 14-99-00746-CR, 2001 WL 91344 (Tex. App.—Houston [14th Dist.] Feb. 1, 2001, no pet.).  Thereafter, his probation was revoked, and
he was sentenced to ten years in prison.  Rodriguez filed a postconviction
application for writ of habeas corpus in the convicting trial court on February
2, 2007.  He alleges that his judgment of conviction is illegal and void
because the visiting judge who presided over his trial was not qualified
because (1) she failed to comply with the Texas Constitution and (2) she was
biased or prejudiced and could not be fair and impartial.

In its April 16, 2007 “Order to Transmit Habeas
Corpus Record,” the trial court found (1) that Rodriguez had previously filed a
postconviction application for writ of habeas corpus that was denied without a
written order, (2) that his instant application did not comply with section 4
of article 11.07 of the Code of Criminal Procedure, and (3) that he abused the
writ of habeas corpus.  The trial court recommended that the Court of Criminal
Appeals find Rodriguez to have abused the writ of habeas corpus and to deny him
all relief sought.  The Court of Criminal Appeals dismissed the application on
May 30, 2007.  Rodriguez then filed motions in the trial court for an
evidentiary hearing and for issuance of a bench warrant, which the trial court
denied on June 28.  Rodriguez next filed a notice of appeal of the dismissal of
his habeas application on June 29.  In a letter, this Court notified Rodriguez
that his appeal was subject to dismissal because it appeared that we lacked
jurisdiction.

            This court has jurisdiction over
criminal appeals only when expressly granted by law.  See Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.).  An
intermediate court of appeals has no jurisdiction over postconviction writs of
habeas corpus in felony cases.  See Ex parte Martinez, 175 S.W.3d
510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing Tex. Code Crim. Proc. Ann. art. 11.07(3)(a), (b) (Vernon 2005)); Self v.
State, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same). 
The Court of Criminal Appeals and lower courts have recognized that “the
exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07.”  Olivo v.
State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see Ex parte
Mendenhall, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.).

Because we have no jurisdiction in this
postconviction habeas corpus proceeding, we dismiss the appeal.

 

PER CURIAM

 

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal
dismissed

Opinion
delivered and filed September 26, 2007

Do
not publish

[CR25]