NUMBER 13-09-00449-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


_____________________________________________________________


FELIX CASTILLO, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

______________________________________________________________


On appeal from the 398th District Court 


of Hidalgo County, Texas.


_____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez and Benavides and Vela


Memorandum Opinion Per Curiam


 Appellant, Felix Castillo, Jr., attempts to appeal the trial court's denial of his motion
requesting a free copy of trial court records. Appellant is seeking these records in order
to prosecute a post-conviction writ of habeas corpus. The trial court entered an order
denying appellant's motion on April 30, 2009. 

 On August 10, 2009, the Clerk of this Court notified appellant that it appeared that
the order from which the appeal was taken was not an appealable order, and requested
correction of this defect within ten days or the appeal would be dismissed. Appellant has
failed to respond to the Court's directive. 

 Appellant was convicted of murder and attempted capital murder and sentenced to
fifty years confinement in the Texas Department of Criminal Justice. Appellant pursued
a direct appeal of his convictions and on October 6, 2005, this Court issued a
memorandum opinion affirming the judgment of the trial court. See Castillo v. State, 186
S.W.3d 21 (Tex.App.-Corpus Christi 2005, pet. ref'd).

 The trial court's refusal to provide appellant with a free copy of the record does not
invoke our jurisdiction. An intermediate court of appeals is not vested with jurisdiction to
consider an appeal from an order denying a request for a free copy of the trial record when
such request is not presented in conjunction with a timely-filed appeal. Everett v. State,
91 S.W. 3d 386 (Tex.App.-Waco 2002, no pet'n). Furthermore, an intermediate court of
appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases.
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2003); Hoang v. State, 872 S.W.2d
694, 697 (Tex.Cr.App.1993), cert. den'd, 513 U.S. 863 (1994). Post-conviction writs of
habeas corpus are to be filed in the trial court in which the conviction was obtained and
made returnable to the Court of Criminal Appeals. Article 11.07. The Court, having examined and fully considered the documents on file, is of the
opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the
appeal is hereby DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App. P.
42.3(a), (c). 

 PER CURIAM



Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the

14th day of January, 2010.