IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00059-CR

No. 10-11-00065-CR

 

William Johnson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court Nos. 25,164
and 25,166

 



MEMORANDUM  Opinion



 

William Johnson filed a pro se notice of
appeal in each of the two underlying criminal actions complaining of the
written order of the trial court’s failure to provide a speedy trial.  The
notices state that they are “interlocutory appeals,” and attached to them are
Johnson’s pro se motions for speedy trial that were allegedly filed in the
trial court.[1] 
The notices do not identify a written order on Johnson’s motions, nor do they
identify an underlying pretrial habeas corpus proceeding.

In letters dated March 8, 2011 and March
10, 2011 letter, we notified Johnson that these causes were subject to
dismissal for want of jurisdiction because it appeared that this Court does not
have jurisdiction of his appeals of the trial court’s alleged interlocutory
rulings.  See Abbott
v. State, 271 S.W.3d
694 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not
whether appeal is precluded by law, but whether appeal is authorized by law); Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco
2002, no pet.) (stating that this court has jurisdiction over criminal appeals
only when expressly granted by law).  We warned Johnson that we would dismiss these
appeals unless, within 21 days, he showed grounds for continuing them.  Johnson
has not filed a response showing grounds for continuing these appeals or that
we have jurisdiction, nor is there any indication that Johnson is appealing the
trial court’s judgment or order in a pretrial habeas corpus proceeding under
Rule 31 of the Rules of Appellate Procedure.  Accordingly, we dismiss these
appeals for want of jurisdiction.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Dismissed

Opinion
delivered and filed April 6, 2011

Do
not publish

[CR25]

 









[1] The motions identify the underlying
cause numbers as 15,164 and 15,166, but the Walker County District Clerk has
advised the Clerk of this Court that the cause numbers are 25,164 and 25,166.








:normal'> 



From the County Court at Law No. 1

Brazos County, Texas

Trial Court # 02-0511M

 



MEMORANDUM 
Opinion



 








        This appeal concerns a conviction for
misdemeanor driving while intoxicated.  See Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).  We will affirm.

      Appellant
raises four issues.  In Appellant’s first
and second issues, she contends that the trial court erred in overruling
Appellant’s motion to suppress the arresting officer’s “observations and
opinions.”  In Appellant’s third and
fourth issues, she contends that the trial court erred in overruling
Appellant’s motion to suppress a video recording of Appellant.  In Appellant’s first and third issues, she
argues that the officer did not have probable cause for arrest.  In Appellant’s second and fourth issues, she
argues that her warrantless arrest did not fall within an exception to the
warrant requirement.  We will overrule
Appellant’s issues.

      Appellant
does not contest that she was intoxicated. 
Appellant argues that there is no evidence of the time at which she
drove her car into a parked pickup truck, and no evidence of the time at which
the officer arrived on the scene; and thus no evidence that Appellant was
intoxicated when she caused the collision. 
When the officer arrived in response to the collision, the ambulance and
paramedics, firemen, and eyewitnesses were still present.  Under the totality of the circumstances,
under the undisputed facts, the officer had reasonably trustworthy information
sufficient to warrant a reasonable person to believe that Appellant drove her
car while intoxicated.  See Dyar v. State, 125 S.W.3d 460, 462
(Tex. Crim. App. 2003); McGee v. State, 105
S.W.3d 609, 614 (Tex. Crim. App.), cert.
denied, 124 S. Ct. 536 (2003); Guzman
v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).  Thus, the officer had probable cause to
arrest Appellant for driving while intoxicated. 
See id.  Accordingly, Appellant’s first and third
issues are overruled.  Moreover, under
the totality of the circumstances, Appellant’s apprehension at the scene of and
near the time of the collision made that scene a “suspicious place.”  See Tex. Code Crim. Proc. Ann. art.
14.03(a)(1) (Vernon Supp. 2004); Dyar at 468.  Thus,
Appellant’s arrest fell within Article 14.03’s exception to the warrant
requirement.  See id.  Accordingly,
Appellant’s second and fourth issues are 
overruled.  Having overruled Appellant’s
issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

(Justice Vance concurs with a note. It is hard to understand why the majority will
not provide, even in a memorandum opinion, either the basic facts necessary to
understand why the Appellant brought the issues or our reasons for rejecting
them.  Here, the majority simply says
Appellant was apprehended “at the scene of and near the time of” the collision.  It is undisputed that Appellant was found in
a nearby apartment; it is the apartment that the State says was a “suspicious
place.”  Left unstated is Appellant’s
contention that the State did not prove the time that elapsed between the
collision and Appellant’s arrest, and that the State says it could have been up
to 42 minutes.  Thus, in each instance
the majority has not addressed the issues brought by Appellant in light of the
facts revealed by the record.)

 

Opinion
delivered and filed September 22, 2004

Affirmed

Do
not publish

[CR25]