

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00336-CR

| | | |
|---|---|---|
| David Lee Hayman | § | From the 30th District Court |
| | § | of Wichita County (45,968-A) |
| v. | § | December 21, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00336-CR

DAVID LEE HAYMAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

### MEMORANDUM OPINION[1]

----------

On July 24, 2012, David Lee Hayman filed a notice of appeal[2] from a

postconviction order denying his June 18, 2012 motion to the trial court wherein

he requested records to "assist him in preparation of a pro se brief" in relation to

---

[1]*See* Tex. R. App. P. 47.4.

[2]Hayman titled his notice of appeal, "Appeal and Objection to Court Order June 28, 2012 den[ying] Anders Brief for Appeal."

a February 29, 2008 conviction[3] for aggravated sexual assault. On July 25, 2012, this court advised Hayman that it was concerned that it lacked jurisdiction over this appeal and invited Hayman or any party desiring to continue the appeal to file a response showing grounds for continuing the appeal by August 6, 2012. To date, we have received no response showing any grounds for continuing the appeal.

Generally, an appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Specifically, an appellate court lacks jurisdiction to review a trial court's ruling denying copies of documents in the record for purposes of postconviction litigation unless that order is in conjunction with an appeal over which we have jurisdiction. *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.).

Because this appeal is not in conjunction with an appeal over which we have jurisdiction, Hayman's notice of appeal does not invoke our jurisdiction to decide the merits of his appeal. *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Self*, 122 S.W.3d at 294–95 (dismissing

---

[3]The record does not reflect that a timely postjudgment motion was filed that extended the appellate timetable for Hayman's February 29, 2008 conviction—therefore, any notice of appeal related to that conviction was due thirty days after the judgment was signed. *See* Tex. R .App. P. 26.1.

appeal for want of jurisdiction where trial court denied appellant's request for free copy of trial court's records to prosecute postconviction writ of habeas corpus); *Crear v. State*, No. 14–05–00222–CR, 2005 WL 914123, at *1 (Tex. App.—Houston [14th Dist.] Apr. 21, 2005, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal of denial of pro se motion to obtain records and request for loan of trial records).

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 21, 2012