# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-12-00832-CR

**Adam Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 61479, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated January 25, 2013 and substitute the following in its place.

Perkins pleaded guilty to the felony offense of indecency with a child by contact, and on June 28, 2008, the trial court sentenced him to twelve years' imprisonment.[1] On November 19, 2012, Perkins filed a notice of appeal from the trial court's denial of his "application for writ of habeas corpus."[2] We construe Perkins's appeal as challenging the denial of his

---

[1] The trial court certified that this is a plea bargain case in which Perkins has no right of appeal and that Perkins waived the right of appeal.

[2] Perkins captioned his request for a free copy of his trial records as an "application for writ of habeas corpus." In response, the trial court issued findings of fact and conclusions of law combined with an order denying all of Perkins's requested relief.

request for a free trial record for use in preparing a postconviction habeas application. *See In re Black*, Nos. 12-12-00048-CR, 12-12-00049-CR, 12-12-00050-CR, 12-12-00051-CR, 2012 Tex. App. LEXIS 845, at * 1 (Tex. App.—Tyler Jan. 31, 2012, orig. proceeding) (mem. op.) (not designated for publication).

The district court's refusal to provide Perkins with a free copy of his trial record does not invoke our jurisdiction. *See Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *see also Diaz v. State*, No. 07-10-00328-CV, 2011 Tex. App. LEXIS 1985, at *3 (Tex. App.—Amarillo Jan. 21, 2011, pet. ref'd) (mem. op.). We lack jurisdiction to consider an appeal from an order denying a request for a free copy of the trial record when, as here, such request is not presented in conjunction with a timely filed direct appeal. *See id.* (citing *Everett v. State*, 91 S.W.3d 386 (Tex. App.—Waco 2002, no pet.)). Further, even if Perkins had appealed the trial court's denial of his "application for habeas corpus," we lack jurisdiction to grant postconviction habeas corpus relief from final felony convictions. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

Accordingly, the appeal is dismissed for want of jurisdiction.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction on Rehearing

Filed:   March 27, 2013

Do Not Publish