

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00151-CR

**RICHARD A. PAZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 1426884

## MEMORANDUM OPINION

Richard A. Paz attempts to appeal the trial court's decision after an examining trial. No law authorizes an interlocutory appeal from an examining trial. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law, but whether appeal is authorized by law); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (stating that court has jurisdiction over criminal appeals only when expressly granted by law). Even if Paz could appeal the trial court's decision, Paz's notice of appeal is untimely. The

examining trial was held on March 26, 2014; thus, Paz's notice of appeal was due April 25, 2014. *See* TEX. R. APP. P. 26.2(a)(1). It was not filed until May 9, 2014.

We have no jurisdiction of this appeal. Accordingly, the appeal is dismissed.[1]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed May 29, 2014
Do not publish
[CR25]

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Court of Criminal Appeals, a petition for discretionary review must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. TEX. R. APP. P. 68.2(a).