

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00078-CR

_____

AARON LAMON MUSE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 20,590-2009

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Aaron Lamon Muse filed a notice of appeal April 2, 2014, attempting to appeal the trial court's denial of his motion for the discovery of grand jury testimony. The clerk's record filed in this matter establishes that in early 2009, Muse was charged by indictment with aggravated assault with a deadly weapon. On February 6, 2013, the State filed a motion to dismiss its aggravated assault case against Muse on the basis that he had been convicted in another case for the same conduct. On February 11, 2013, the 402nd Judicial District Court of Wood County, Texas, granted the State's motion and dismissed the case—trial court cause number 20,590-2009. On March 18, 2014, Muse filed a Motion for Discovery of Grand Jury Testimony with the Wood County District Clerk under cause number 20,590-2009. On March 19, 2014, the trial court signed an order overruling Muse's motion. This is Muse's attempt to appeal from that ruling.

By letter dated May 2, 2014, we notified Muse of a potential defect in our jurisdiction over his appeal—namely, that the order from which he was attempting to appeal is not an appealable order—and afforded him fifteen days to show this Court how we had jurisdiction. We received no response from Muse.

This Court has jurisdiction over criminal appeals only when expressly granted by law. TEX. CONST. art. V, § 6; *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (per curiam). A timely notice of appeal from a judgment of conviction or an appealable order is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because there is no judgment or appealable order in the record from which a timely

appeal could be perfected, we are without jurisdiction over the appeal and have no choice but to dismiss it.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     June 2, 2014
Date Decided:      June 3, 2014

Do Not Publish