

# IN THE
## TENTH COURT OF APPEALS

No. 10-15-00055-CR
No. 10-15-00056-CR
No. 10-15-00057-CR
No. 10-15-00058-CR
No. 10-15-00059-CR
No. 10-15-00060-CR
No. 10-15-00061-CR
No. 10-15-00062-CR
No. 10-15-00063-CR
No. 10-15-00064-CR

**WILLIAM ARTHUR MCINTOSH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

---

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR, 20379CR,**
**20380CR, 20381CR, 20382CR, 20383CR and 20384CR**

---

## MEMORANDUM  OPINION

---

In his notice of appeal covering ten appellate cause numbers, appellant, William McIntosh, states that he wishes to appeal from the denial of his out-of-time motion for new trial stemming from his February 7, 1994 convictions for six counts of indecency with a child and four counts of aggravated sexual assault.[1]

With very limited exceptions, we may only exercise jurisdiction in criminal cases over appeals from final judgments, and we may not exercise jurisdiction over a trial court's denial of a motion for an out-of-time motion for new trial. *See, e.g., Taylor v. State*, No. 03-12-00174-CR, 2013 Tex. App. LEXIS 1381, at *2 (Tex. App.—Austin Feb. 12, 2013, no pet.) (mem. op., not designated for publication); *Roberts v. State*, No. 10-12-00075-CR, 2012 Tex. App. LEXIS 6431, at *6 (Tex. App.—Waco Aug. 2, 2012, no pet.) (mem. op., not designated for publication) (noting that defendant's claims could be raised in a post-conviction habeas proceeding); *Jackson v. State*, No. 02-11-00381-CR, 2011 Tex. App. LEXIS 8603, at **1-3 (Tex. App.—Fort Worth Oct. 27, 2011, pet. ref'd) (mem. op., not designated for publication); *Dykes v. State*, No. 12-08-00412-CR, 2008 Tex. App. LEXIS 8488, at *1 (Tex. App.—Tyler Oct. 31, 2008, no pet.) (mem. op., not designated for publication) (per curiam); *Graves v. State*, No. 14-05-00034-CR, 2005 Tex. App. LEXIS 1035, at **1-3 (Tex. App.—Houston [14th Dist.] Feb. 10, 2005, no pet.) ("The denial of a motion for new trial is not a separately appealable order. Moreover, the record on file with this court does not demonstrate that the trial court had jurisdiction to consider an out-of-time motion for new trial.") (mem. op., not designated for

---

[1] Appellant notes that he filed his out-of-time motion for new trial on December 18, 2014, and that it was overruled by operation of law.

publication) (per curiam).  We therefore dismiss these appeals for want of jurisdiction.[2]

*See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (stating that the standard for determining jurisdiction is not whether an appeal is precluded by law, but whether an appeal is authorized by law); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (noting that the court has jurisdiction over criminal appeal only when expressly granted by law); *see also Graves*, 2005 Tex. App. LEXIS 1035, at **2-3.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 5, 2015
Do not publish
[CRPM]



---

[2] A motion for rehearing may be filed within fifteen days after the judgment or order of this Court is rendered.  TEX. R. APP. P. 49.1.  If the appellant desires to have the decision of this Court reviewed by the Court of Criminal Appeals, a petition for discretionary review must be filed in the Court of Criminal Appeals within thirty days after either the day of the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.  *See id.* at R. 68.2(a).