

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00135-CR

SAMSON M. LOYNACHAN                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1233936R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Samson Loynachan was convicted of murder and received a life

sentence in the Institutional Division of the Texas Department of Criminal Justice.

*Loynachan v. State*, No. 13-12-00461-CR, 2013 WL 6730137 (Tex. App.—

Corpus Christi Dec. 19, 2013, pet. ref'd) (mem. op., not designated for

publication).   Thereafter, on April 9, 2015, Appellant filed a notice of appeal

---

[1]*See* Tex. R. App. P. 47.4.

seeking a restricted appeal from the trial court's December 15, 2014 postconviction order denying his October 27, 2014 "Motion for Temporary Transfer of Appellate Record"; his November 19, 2014 "Addendum to: Motion for Temporary Transfer of Appellate Record"; and his December 11, 2014 "2nd Addendum to: Motion for Temporary Transfer of Appellate Record." *See* Tex. R. App. 30. Appellant needed the appellate record to prepare his postconviction application for writ of habeas corpus. On May 5, 2015, this court advised Appellant that it was concerned that it lacked jurisdiction because the trial court had not entered an appealable order and invited Appellant to file a response showing grounds for continuing the appeal by May 15, 2015. Appellant timely responded on May 14, 2015, but his response does not address this court's jurisdiction to hear his appeal but addresses, instead, the merits of the trial court's December 15, 2014 order.[2]

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only after a final judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). An appellate court lacks jurisdiction to review a trial court's ruling denying a party copies of documents in the record unless that order is in conjunction with an appeal over

---

[2]Appellant also objected to this court's treating his appeal as a criminal rather than as a civil proceeding. To be eligible for the extended deadlines of a restricted appeal under rule 30, Appellant must have his proceeding classified as a civil case. *See* Tex. R. App. P. 30 ("Restricted Appeal to Court of Appeals in Civil Cases"). For reasons explained in our opinion, we lack jurisdiction regardless of the application of rule 30.

which it has jurisdiction. *See Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.). Another court observed:

> [We have] jurisdiction over criminal appeals only when expressly granted by law. No statute vests this court with jurisdiction over an appeal from an order denying a request for a free copy of the trial record when such a request is not presented in conjunction with a timely[-]filed direct appeal. Furthermore, an intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases.

*Williamson v. State*, Nos. 10-12-00146-CR, 10-12-00147-CR, 10-12-00148-CR, 10-12-00149-CR, 2012 WL 2353684, at *1 (Tex. App.—Waco June 13, 2012, no pet.) (mem. op., not designated for publication) (citations omitted). Because Appellant's appeal is not in conjunction with an appeal over which we have jurisdiction, his notice of appeal does not invoke our jurisdiction to decide the merits of the trial court's order. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).[3]

---

[3]*See Ex parte Brown*, Nos. 02-12-00515-CR, 02-12-00516-CR, 02-12-00517-CR, 02-12-00518-CR, 2012 WL 6632770, at *1 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction an appeal from postconviction writ of habeas corpus in which appellant sought a copy of the trial court records without cost); *Hayman v. State*, No. 02-12-00336-CR, 2012 WL 6632761, at *1 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction a 2012 postconviction order denying appellant's motion requesting

3

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2015

---

records to assist appellant prepare pro se brief in conjunction with his 2008 conviction); *Crear v. State*, No. 14-05-00222-CR, 2005 WL 914123, at *1 (Tex. App.—Houston [14th Dist.] Apr. 21, 2005, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal of denial of pro se motion to obtain records and request for loan of trial records); *Self*, 122 S.W.3d at 294–95 (dismissing appeal for want of jurisdiction where trial court denied appellant's request for free copy of trial court's records to prosecute postconviction writ of habeas corpus).