

# IN THE
# TENTH COURT OF APPEALS

No. 10-15-00328-CR; No. 10-15-00329-CR
No. 10-15-00330-CR; No. 10-15-00331-CR
No. 10-15-00332-CR; No. 10-15-00333-CR
No. 10-15-00334-CR; No. 10-15-00335-CR
No. 10-15-00336-CR; No. 10-15-00337-CR

**WILLIAM MCINTOSH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR, 20379CR,
20380CR, 20381CR, 20382CR, 20383CR, and 20384CR**

## MEMORANDUM OPINION

William Arthur McIntosh appeals the trial court's denial of McIntosh's "First Motion for Appointment of Counsel, for Habeas Corpus, Under Texas Fair Defense Act, Article 1.051 V.A.C.C.P." in ten separate cases. No law authorizes an appeal from such

a motion in a criminal case. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law, but whether appeal is authorized by law); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (stating that court has jurisdiction over criminal appeals only when expressly granted by law). *See also McIntosh v. State*, 2015 Tex. App. LEXIS 2183 (Tex. App.—Waco Mar. 5, 2015, no pet.) (same).

We have no jurisdiction of these appeals. Accordingly, these appeals are dismissed.[1]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeals dismissed
Opinion delivered and filed October 15, 2015
Do not publish
[CR25]



---

[1] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).