**Opinion issued November 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00097-CR

———————————

**CARLOS ISMAEL ROJAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 866164**

## MEMORANDUM OPINION

In 2002, a jury found appellant, Carlos Ismael Rojas, guilty of the felony offense of aggravated sexual assault of a child and assessed his punishment at confinement for life. *See Rojas v. State*, No. 01-02-00262-CR, 2003 WL 253612

(Tex. App.—Houston [1st Dist.] Feb. 6, 2003, pet. ref'd) (mem. op., not designated for publication) (affirming conviction). In November 2009, appellant filed in the trial court a pro se "Motion For Trial Records At County Expense." And on December 11, 2009, he filed a pro se notice of appeal of "the denial by operation of law" of his motion requesting the trial court records.[1] On February 17, 2010, the trial court signed an order denying the motion.

We dismiss the appeal for want of jurisdiction.

The right to appeal in a criminal case is a statutorily created right. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002); *see State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) (noting generally right to appeal is limited to appeal from final judgment). We do not have jurisdiction to consider an appeal from an order denying a request for a copy of a trial court record when, as here, the request is not presented in conjunction with a timely-filed direct appeal.[2] *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.) (citing *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.)); *see Hosea v. State*, No. 01-14-01017-CR, 2015 WL 831997, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet.) (mem.

---

[1] The clerk's record filed in this appeal includes a deputy trial court clerk's affidavit stating that the notice of appeal, filed on December 11, 2009, "was not turned in for processing by the appellate division until January 22, 2016."

[2] The trial court clerk has notified the Clerk of this Court that appellant "received . . . his clerk's record on 2/22/16."

op., not designated for publication) ("The denial of a motion to obtain a free record is not an appealable order.") (internal quotations omitted).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

3