

# NUMBER 13-18-00533-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARY GRIGSBY,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                               **Appellee.**

---

### On appeal from the 130th District Court
### of Matagorda County, Texas.

---

# MEMORANDUM OPINION
### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Mary Grigsby, attempts to appeal the trial court's denial of her motion requesting a free copy of trial court records. It appears appellant is seeking these records in order to prosecute a post-conviction writ of habeas corpus. The trial court entered an order denying appellant's motion on October 19, 2015.

On September 25, 2018, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directive.

Appellant was convicted of capital murder and sentenced to life imprisonment without parole. Appellant pursued a direct appeal of her conviction and on July 12, 2012, 2005, this Court issued a memorandum opinion affirming the judgment of the trial court. *See Grigsby v. State*, No. 13-10-00650-CR, 2012 WL 2861670 (Tex. App. – Corpus Christi July 12, 2012, no pet.) (mem. op., not designated for publication).

The trial court's refusal to provide appellant with a free copy of the record does not invoke our jurisdiction. An intermediate court of appeals is not vested with jurisdiction to consider an appeal from an order denying a request for a free copy of the trial record when such request is not presented in conjunction with a timely-filed appeal. *Everett v. State*, 91 S.W. 3d 386 (Tex.App – Waco 2002, no pet'n). Furthermore, an intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through 2017 1st C.S.); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Cr. App. 1993), *cert. den'd*, 513 U.S. 863 (1994). Even if this Court had jurisdiction, the appeal was untimely as it was filed almost three years after the trial court's order denying appellant's motion.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a), (c).

All pending motions are dismissed as moot.

GINA M. BENAVIDES,
 JUSTICE

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of November, 2018.