

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00303-CR

**RODRICK E. HARRIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2017-63-C2**

## MEMORANDUM OPINION

Appellant, Rodrick Eugene Harris, attempts to appeal from the trial court's oral ruling denying his motion for continuance based on allegedly withheld discovery in this criminal matter. Attached to his pro se "Notice of Interlocutory Appeal," Harris included his pro se written motion for continuance filed on August 23, 2019, as well as excerpts from a transcript involving pre-trial matters, the docket sheet, and a letter from an investigator pertaining to the redaction and disclosure of phone records. None of these

documents reflect any ruling from the trial court on Harris's motion for continuance. In any event, the State has responded by filing a motion to dismiss this appeal for lack of appellate jurisdiction.

The right to appeal in a criminal case is a statutorily-created right. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). Generally, a criminal defendant may only appeal from a final judgment. *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (noting that the standard for determining jurisdiction in a criminal case is not whether the appeal is precluded by law, but whether the appeal is authorized by law); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (holding that courts of appeals do not have jurisdiction to review interlocutory orders absent express statutory authority); *see also Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (mem. op.) (per curiam) (stating that this Court has jurisdiction over criminal appeals only when expressly granted by law). The granting or denial of a motion for continuance is not a separately appealable order. *See Apolinar*, 820 S.W.2d at 794; *see also Parker v. State*, No. 01-16-00137-CR, 2016 Tex. App. LEXIS 11056, at *1 (Tex. App.—Houston [1st Dist.] Oct. 11, 2016, no pet.) (mem. op., not designated for publication) (dismissing for want of

jurisdiction a defendant's appeal from a trial court's grant of the State's motion for continuance).

Accordingly, we grant the State's motion and hereby dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f); *Abbott*, 271 S.W.3d at 696-97; *Apolinar*, 820 S.W.2d at 794; *Everett*, 91 S.W.3d at 286; *see also Parker*, 2016 Tex. App. LEXIS 11056, at *1.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Motion granted and appeal dismissed
Opinion delivered and filed September 18, 2019
Do not publish
[CR25]

