**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00264-CR**
_____

**DAVID WAYNE EVANS, Appellant**

**VS.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 02-08-05575-CR**
_____

**MEMORANDUM OPINION**

David Wayne Evans was convicted of aggravated assault and sentenced to thirty-five years of imprisonment after his community supervision was revoked. *Evans v. State*, No. 10-04-00242-CR, 2005 WL 979390 (Tex. App.—Waco Apr. 27, 2005, no pet.) (mem. op., not designated for publication). Evans filed a notice of appeal from the trial court's order denying his motion for copies of the trial transcript and records. We notified the parties that our jurisdiction was not apparent from the notice of appeal and warned that the appeal would be dismissed for want of

1

jurisdiction unless we received a response showing grounds for continuing the appeal. Evans filed a response, but he failed to establish that the trial court's order is appealable.

This Court lacks jurisdiction to review interlocutory or post-conviction orders unless such jurisdiction is expressly granted by law. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). No statute vests this Court with jurisdiction over an appeal from an order denying a request for a free copy of the trial record when the request is not presented in conjunction with a timely-filed direct appeal. *See Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *Everett v. State*, 91 S.W.3d 386 (Tex. App.—Waco 2002, no pet.). The Texas Court of Criminal Appeals has exclusive jurisdiction over proceedings after final felony convictions. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *see also* Tex. Code Crim. Proc. Ann. art. 11.07. We hold that the order from which Evans appeals is not appealable. Accordingly, we dismiss the appeal for want of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on December 29, 2020
Opinion Delivered December 30, 2020
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.