**Leonard Marion SELF, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–03–00233–CR.**

Court of Appeals of Texas, Eastland.

Aug. 29, 2003.

———

Leonard Marion Self, Amarillo, pro se.

Russell D. Thomason, Criminal Dist. Atty., Eastland, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

Appellant seeks to appeal the trial court's denial of his motion requesting a free copy of trial court records. The trial court entered an order denying appellant's motion on July 9, 2003. Other than the order and appellant's notice of appeal, no other documents from the trial court clerk's record have been made a part of the appellate record in this cause. In order to expedite the consideration of this appeal, we have taken judicial notice of the trial court's file. *See* TEX. GOV'T CODE ANN. § 22.220(c) (Vernon 1988); TEX. R.EVID. 201. Appellant pleaded guilty on November 20, 2001, to the offense of murder. He did not pursue a direct appeal of his murder conviction. He filed a motion requesting a free copy of trial court records on May 22, 2003. As per the motion, appellant seeks a free copy of the trial court records in order to prosecute a post-conviction writ of habeas corpus.

The trial court's refusal to provide appellant with a free copy of the record does not invoke our jurisdiction. An intermediate court of appeals is not vested with jurisdiction to consider an appeal from an order denying a request for a free copy of the trial copy of the trial

record when such request is not presented in conjunction with a timely-filed appeal. *Everett v. State,* 91 S.W.3d 386 (Tex.App.-Waco 2002, no pet'n). Furthermore, an intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. TEX. CODE CRIM. PRO. ANN. art. 11.07 (Vernon Supp.2003); *Hoang v. State,* 872 S.W.2d 694, 697 (Tex.Cr.App.1993), *cert. den'd,* 513 U.S. 863, 115 S.Ct. 177, 130 L.Ed.2d 112 (1994). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained and made returnable to the Court of Criminal Appeals. Article 11.07.

Accordingly, this appeal is dismissed for want of jurisdiction.