Dismissed and Memorandum Opinion filed March 13, 2008








Dismissed
and Memorandum Opinion filed March 13, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00168-CR

____________

 

KENNETH BERNARD SCOTT, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
263rd District Court

Harris County,
Texas

Trial Court Cause
No. 831609

 



 

M E M O R A N D U M   O P I N I O N

After a
guilty plea, appellant was convicted of the offense of aggravated robbery, with
an affirmative finding on the use of a deadly weapon, and sentenced to twenty
years in prison on August 22, 2000.  No motion for new trial was filed. 
Appellant=s notice of appeal was not filed until October 2, 2000.  Accordingly, on
December 7, 2000, this court dismissed the appeal for want of jurisdiction. See
Scott v. State, No. 14-00-01264-CR (Tex. App.CHouston [14th Dist.] 2000, no pet.)
(not designated for publication).  








On
February 8, 2008, appellant filed a pro se notice of appeal in the same case. 
This court lacks jurisdiction to consider a second untimely appeal from this
conviction.  The exclusive post‑conviction remedy in final felony
convictions in Texas courts is through a writ of habeas corpus pursuant to
article 11.07 of the Texas Code of Criminal Procedure.  Olivo v. State,
918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996).  This court also lacks
jurisdiction to consider a post-conviction application for writ of habeas
corpus.  An intermediate court of appeals has no jurisdiction over post‑conviction
writs of habeas corpus in felony cases.  See Tex. Code Crim. Proc. Ann.
art. 11.07(3)(a), (b) (Vernon Supp. 2007); Self v. State, 122 S.W.3d
294, 294‑95 (Tex. App.CEastland 2003, no pet.). 

The
appeal is dismissed for want of jurisdiction.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed March
13, 2008.

Panel consists of Chief Justice Hedges and Justices
Anderson and Boyce. 

Do Not Publish C Tex. R. App. P.
47.2(b).