NO. 07-10-00328-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 21, 2010

MICHAEL ANTHONY DIAZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07F-105; HONORABLE ROLAND D. SAUL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In October 2007, appellant, Michael Anthony Diaz, was convicted of assault on a public servant. On direct appeal of that conviction, we affirmed the trial court's judgment. See Diaz v. State, No. 07-07-00438-CR, 2008 Tex.App. LEXIS 9655 (Tex. App.—Amarillo Dec. 29, 2008, pet. ref'd) (mem. op., not designated for publication).

On April 26, 2010, Diaz filed his Motion to Withdraw the Trial Record in which he sought to check out the record of the 2007 trial so that he may prepare his application for post-conviction writ of habeas corpus. The trial court denied his motion. On August

9, Diaz filed a notice of appeal in which he explains that he attempts to appeal from the trial court's denial of his Motion to Withdraw the Trial Record.

On December 13, 2010, this Court sent a letter to Diaz noting that it appeared that the Court was without jurisdiction over his appeal. The Court directed him to respond by showing how the Court had jurisdiction and warned him that, unless grounds were shown to continue the appeal, his appeal was subject to dismissal. See TEX. R. APP. P. 42.3(c). He was given until December 28, 2010, to comply. We received appellant's response in which he urges his right to prosecute his claim of ineffective assistance of counsel by way of application for writ of habeas corpus. He also attempts to explain how the trial court's order denying his motion is a final judgment. Finally, he attempts to distinguish his case from another case in which the Eastland court concluded that a similar order was not a final, appealable order. See Self v. State, 122 S.W.3d 294, 294–95 (Tex.App.—Eastland 2003, no pet.). Though appellant responds directly to the jurisdictional issue with developed arguments, we remain unconvinced that we have jurisdiction over this appeal.

The jurisdiction of all Texas courts is conferred solely by the Texas Constitution and state statutes. Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996). A Texas court does not have jurisdiction to decide any case absent an express constitutional or statutory grant. Id. Courts of appeals have appellate jurisdiction as specified in section 6 of the Texas Constitution, together with such other original and appellate jurisdiction as may be prescribed by law. TEX. CONST. art. V, § 6. Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment. See TEX. CIV.

PRAC. & REM. CODE ANN. § 51.012 (West Supp. 2010); Lehmann v. Har-Con Corp., 39 S.W.3d 191,195 (Tex. 2001). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998).

The trial court's order denying Diaz's motion to withdraw the trial record does not invoke our jurisdiction. We are not vested with jurisdiction to consider an appeal from such an order. See Self, 122 S.W.3d at 294–95. Furthermore, as an intermediate appellate court, we have no jurisdiction over post-conviction writs of habeas corpus in felony cases. See TEX. CODE CRIM. PRO. ANN. art. 11.07 (West Supp. 2010); Self, 122 S.W.3d at 295.

Without a final, appealable order, we are without jurisdiction to entertain this appeal. Because the record does not affirmatively demonstrate that we have jurisdiction, we must dismiss the appeal. See Hosea v. Whittenburg, 311 S.W.3d 704, 704–05 (Tex.App.—Amarillo 2010, pet. denied). Accordingly, we dismiss this appeal for want of jurisdiction. See TEX. R. APP. P. 42.3(a).

Mackey K. Hancock
Justice

3