NO. 07-12-0428-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 9, 2012

_____

EDWARD L. MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405,843; HONORABLE JOHN J. "TREY" MCCLENDON, III, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Edward L. Martinez appeals from a trial court order denying his "Motion for Discovery and Public Information Documents" for purposes of post-conviction litigation. He asks that we grant his motion, appoint him counsel and bench warrant him back to Lubbock County. We dismiss the appeal.

On October 3, 2012, we sent appellant a letter asking him to demonstrate why this court has jurisdiction over the matter and gave him until November 5, 2012, to do so. Appellant responded by asking that the matter be abated back for the appointment

of counsel, "or in the alternative [appellant] ask[s] that such matter (appeal) be dismissed without prejudice or stayed until [appellant] can file the necessary pleadings."

An appellate court has jurisdiction to hear an appeal only if it is from a final judgment, *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001), and we have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord,* 967 S.W.2d 352, 352-53 (Tex. 1998). The trial court's order denying appellant copies of documents in the record for purposes of post-conviction litigation does not invoke our jurisdiction. *Self v. State,* 122 S.W.3d 294 (Tex. App.–Eastland 2003, no pet.); *Diaz v. State,* No. 07-10-00328-CV, 2011 Tex. App. LEXIS 1985, at *3 (Tex. App.–Amarillo January 21, 2011, pet. ref'd) (mem. op.). Furthermore, we have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

Without a final, appealable order, we are without jurisdiction to entertain this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.


Brian Quinn
Chief Justice


Do not publish.


2