02-12-336-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00336-CR

 

 


 
 
 David
 Lee Hayman
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 30th District Court
  
 of
 Wichita County (45,968-A)
  
 December
 21, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00336-CR

 

 


 
 
 David Lee Hayman
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 30th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          On
July 24, 2012, David Lee Hayman filed a notice of appeal[2]
from a postconviction order denying his June 18, 2012 motion
to the trial court wherein he requested records to “assist him in preparation
of a pro se brief” in relation to a February 29, 2008 conviction[3]
for aggravated sexual assault.  On July 25, 2012, this court advised Hayman
that it was concerned that it lacked jurisdiction over this appeal and invited Hayman
or any party desiring to continue the appeal to file a response showing grounds
for continuing the appeal by August 6, 2012.  To date, we have received no
response showing any grounds for continuing the appeal.

Generally,
an appellate court only has jurisdiction to consider an appeal by a criminal
defendant where there has been a final judgment of conviction.  See McKown
v. State, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  Specifically,
an appellate court lacks jurisdiction to review a trial court’s ruling denying
copies of documents in the record for purposes of postconviction litigation
unless that order is in conjunction with an appeal over which we have
jurisdiction.  Self v. State, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland
2003, no pet.); Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco
2002, no pet.).

Because
this appeal is not in conjunction with an appeal over which we have
jurisdiction, Hayman’s notice of appeal does not invoke our jurisdiction to
decide the merits of his appeal.  See Abbott v. State, 271 S.W.3d 694,
697 (Tex. Crim. App. 2008).  Accordingly, we dismiss this appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f); Self, 122
S.W.3d at 294–95 (dismissing appeal for want of jurisdiction where trial court
denied appellant’s request for free copy of trial court’s records to prosecute
postconviction writ of habeas corpus); Crear v. State, No.
14–05–00222–CR, 2005 WL 914123, at *1 (Tex. App.—Houston [14th Dist.] Apr. 21,
2005, no pet.) (mem. op., not designated for publication) (dismissing for
want of jurisdiction appeal of denial of pro se motion to obtain records
and request for loan of trial records).

 

 

PER CURIAM

 

PANEL: 
MEIER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 21, 2012









[1]See Tex. R. App. P. 47.4.





[2]Hayman titled his notice
of appeal, “Appeal and Objection to Court Order June 28, 2012 den[ying]
Anders Brief for Appeal.”





[3]The record does not
reflect that a timely postjudgment motion was filed that extended the appellate
timetable for Hayman’s February 29, 2008 conviction—therefore, any notice
of appeal related to that conviction was due thirty days after the judgment was
signed.  See Tex. R .App. P. 26.1.