**Dismissed and Memorandum Opinion filed September 10, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00614-CR

**BRUCE LEE TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1303055**

## M E M O R A N D U M    O P I N I O N

Appellant seeks to appeal the trial court's denial of his motion for appointment of counsel pursuant to article 11.07 of the Texas Code of Criminal Procedure. Appellant entered a guilty plea to aggravated robbery. This court dismissed his direct appeal because appellant pleaded guilty pursuant to a plea bargain and had no right to appeal. *Taylor v. State*, No. 14-12-00802-CR; 2012 WL 4753504 (Tex. App.—Houston [14th Dist.] Oct. 4, 2012, no pet.) (not

designated for publication).  We dismiss the appeal for want of jurisdiction.

Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases.  *See* Tex. Code Crim. Proc. art. 11.07; *Board of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 295 (Tex. App.—Eastland 2003, no pet.).  To complain about any action, or inaction, of the convicting court, the applicant may seek relief from the Court of Criminal Appeals.  *See* Tex. Const. art. V, § 5.

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Brown, Christopher, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).