**Dismissed and Memorandum Opinion filed February 13, 2014.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-14-00115-CR

---

**THOMAS POOLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 772266**

---

## M E M O R A N D U M     O P I N I O N

Appellant entered a guilty plea to driving while intoxicated, a third degree felony. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on February 10, 1998, to confinement for two years in the Institutional Division of the Texas Department of Criminal Justice. Appellant did not appeal the conviction.

On December 4, 2013, appellant filed a pro se motion to obtain a free copy of the records from his conviction so that he may pursue an application for a post-conviction

writ of habeas corpus. The trial court denied the motion, and appellant filed a pro se notice of appeal on January 2, 2014. The clerk's record was filed on February 7, 2014.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In addition, this Court does not have jurisdiction to review interlocutory or post-judgment orders unless that jurisdiction is expressly granted by law. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). No statute vests this court with jurisdiction over an appeal from an order denying a request for a free copy of the trial record when the request is not presented in conjunction with a timely-filed direct appeal. *See Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.) (dismissing appeal for want of jurisdiction where trial court denied appellant's request for free copy of trial court's records to prosecute post-conviction writ of habeas corpus). Only the Texas Court of Criminal Appeals has jurisdiction over habeas corpus proceedings after final felony convictions. *See Board of Pardons & Paroles ex rel. Keene v. Ct. App. for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *see also* Tex. Code Crim. Proc. art. 11.07, § 3.

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish —Tex. R. App. P. 47.2(b).