**Opinion issued June 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00858-CR

————————————

## IN RE PHOUTHASACK PHETVONGKHAM, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Phouthasack Phetvongkham, has filed a petition for writ of mandamus, seeking an order compelling the trial court to rule on a "Complaint" that relator filed in the court below.[1] We deny the petition.

---

[1] The underlying case is *The State of Texas v. Phouthasack Phetvongkham*, cause number 587406, pending in the 179th District Court of Harris County, Texas, the Honorable Kristin Guiney presiding.

In his petition, relator contends that he "filed a complaint with the District Clerk Chris Daniel to the Honorable Judge Mike Wilkinson in the 179th District Judicial Court," that he filed a "motion for setting," and that he "has received no response from the above respondent on the complaint or request for setting for a hearing." Relator further contends that he "will be unable to show evidence at [his] upcoming proceeding." Relator identifies the respondent as the Honorable Mike Wilkinson and requests that we "order the Honorable Judge of the 179th District Judicial Court of Harris County, Texas to rule on said complaint motion."

"A writ of mandamus is an order directed personally to the respondent." *In re Ryan*, No. 07-09-0183-CV, 2009 WL 1940911, at *1 (Tex. App.—Amarillo July 7, 2009, orig. proceeding) (mem. op.). Here, relator identifies the respondent as the Honorable Mike Wilkinson. Contrary to relator's identification, however, Judge Wilkinson is not the current presiding judge in the 179th District Court, nor was he the presiding judge at the time relator filed his complaint in the trial court. Rather, the Honorable Kristin Guiney has been the presiding judge in the 179th District Court at all times relevant to this petition.

Even if relator identified the proper respondent, relator's petition does not comply with the Rules of Appellate Procedure. It fails to identify all of the parties, provide a table of contents and index of authorities, or contain a statement of the case. *See* TEX. R. APP. P. 52.3(a), (b), (c), (d). None of the documents filed in

conjunction with it are either certified or sworn as required by Rule 52.3(k)(1)(A). *See* TEX. R. APP. P. 52.3(k)(1)(A) (requiring that petition contain appendix including certified or sworn copy of any document showing matter complained of); *see also* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file record containing certified or sworn copy of every document material to relator's claim for relief); *In re Ryan*, 2009 WL 1940911, at *1; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 227 (Tex. App.—Amarillo 2001, orig. proceeding). And it fails to contain proof of service on the real party in interest, the district clerk. *See* TEX. R. APP. P. 9.5; *see also In re Ryan*, 2009 WL 1940911, at *1.

Moreover, assuming the accuracy of the petition's exhibits, relator fails to show that he is entitled to relief. Relator was convicted of the felony offense of aggravated robbery in trial court cause number 587406 in the 179th District Court, and the trial court's judgment was affirmed on appeal in 1992. *See Phetvongkham v. State*, 841 S.W.2d 928 (Tex. App.—Corpus Christi 1992, pet. ref'd, untimely filed). On May 20, 2013, he sent an open records request to the Harris County District Clerk, seeking "a copy of the testimony from the statement of facts of James Pokluda" and stating that he would pay for the document "upon receipt of a price." He sent a second request to the district clerk on May 31, 2013, identifying the style of the case, stating that the transcript he is requesting is from his first trial

3

which resulted in a hung jury, and identifying the document sought as the statement of facts. On June 3, 2013, after the district clerk returned his requests to him with the word "void" stamped on them, relator filed a document entitled "Complaint" in the trial court. Relator filed his "Complaint" under the cause number from his criminal case and in the 179th District Court, but styled the document as *Phouthasack Phetvongkham, Applicant, vs. Chris Daniels, Harris County District Clerk, Respondent*. *See, e.g.*, TEX. GOV'T CODE ANN. § 552.321(a), (b) (West 2012) (authorizing suit for writ of mandamus to compel "governmental body" to comply with public information act); *In re Davidson*, 153 S.W.3d at 490–91 (considering petition for writ of mandamus seeking to compel trial court to rule on motion to obtain records and transcript); *In re Chavez*, 62 S.W.3d at 227–29 (same); *Garner v. Gately*, 909 S.W.2d 61, 62 (Tex. App.—Waco 1995, orig. proceeding) (holding that former Open Records Act authorized mandamus proceedings but did not grant original jurisdiction to courts of appeals to issue such writs). In the "Complaint," relator sought an order from the trial court compelling the district clerk to either provide him with a copy of the requested testimony or inform him of the cost of a copy of such testimony.

To the extent that relator is seeking to compel action by either the district clerk or the trial court in relation to a currently-pending habeas corpus proceeding[2], only the Court of Criminal Appeals has jurisdiction to consider such a motion or petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *In re Parrott*, No. 14-10-00948-CR, 2010 WL 4286306, at *1 (Tex. App.—Houston [14th Dist.] Oct. 28, 2010, orig. proceeding) (mem. op., not designated for publication); *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also In re Bonilla*, 424 S.W.3d 528, 529–34 (Tex. Crim. App. 2014) (considering petition for writ of mandamus seeking order to compel district clerk to provide information related to cost of transcript for use in habeas corpus proceeding and holding that relator had constitutional right to said information, but dismissing petition because district clerk complied with request for information during pendency of proceeding); *but see Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (holding that court of appeals had jurisdiction to rule on

---

[2] Relator states in his petition that he "will be unable to show evidence at [his] upcoming hearing." Relator neither provides us with any evidence from which we can determine the subject of his "upcoming hearing" nor provides a statement of the case from which we can determine the procedural posture of this case. We therefore cannot determine whether the upcoming proceeding is related to a future application for writ of habeas corpus, a currently-pending application for such writ, or some other proceeding.

5

mandamus petition relating to motion requesting access to material for use in future habeas application when there was no pending application for habeas corpus).

To the extent that relator's "Complaint" is a motion filed in his criminal case, that case is not currently pending, and the trial court had neither a duty nor jurisdiction to rule on the motion. *See In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.) ("In general, however, [the trial court] does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case."); *see also In re Bryan*, No. 09-14-00093-CR, 2014 WL 1102009, at *1 (Tex. App.—Beaumont Mar. 19, 2014, orig. proceeding) (mem. op., not designated for publication); *In re Kennedy*, No. 12-13-00195-CR, 2013 WL 2456488, at *1 (Tex. App.—Tyler June 5, 2013, orig. proceeding) (mem. op., not designated for publication); *In re Miller*, No. 08-10-00296-CR, 2010 WL 4526270, at *1 (Tex. App.—El Paso Nov. 10, 2010, orig. proceeding) (mem. op., not designated for publication).

Finally, assuming there is no currently-pending habeas petition, to the extent relator's "Complaint" is a petition for writ of mandamus, the record fails to indicate that relator's "Complaint" was called to the attention of the proper

respondent[3], and relator fails to provide us with evidence showing that the trial court's purported delay in ruling on the "Complaint" was unreasonable.[4] *See In re Hickman-Bey*, No. 13-11-00573-CV, 2011 WL 4529474, at *1–2 (Tex. App.—Corpus Christi Sept. 16, 2011, orig. proceeding) (mem. op.); *In re Ryan*, 2009 WL 1940911, at *1–2; *In re Blakeney*, 254 S.W.3d 659, 662–63 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228–29.

Accordingly, we **deny** the petition for writ of mandamus without prejudice. We express no opinion on the merits of relator's request under the Public Information Act.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] According to the certificates of service, relator's "Complaint" was mailed to "The Honorable Mike Wilkson [sic] in the 179th District Judicial Court" and the "Motion for Setting" was served on "The Honorable Judge Mike Wilkinson." Neither document indicates it was in any way served on or brought to the attention of the Honorable Kristin Guiney.

[4] Approximately four months passed between the date relator mailed the "Complaint" to the district clerk's office and the date he mailed his petition for writ of mandamus to this Court, and approximately two months passed between the date he mailed his "Motion for Setting" to the district clerk's office and the date he mailed his petition to this Court.