# 852-15

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

NUMBER PD-0852-15

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN

==========

SAMSON LOYNACHAN,                                    APPELLANT,

V.

THE STATE OF TEXAS,                                  APPELLEE

==========

On appeal from the 2nd Court of Appeals

Fort Worth, Texas

COA# 02-15-00135-CR

==========

FILED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

# TABLE OF CONTENTS

Index of Authorities                                             i

Statement of the Case                                           1

Procedural History                                             1

Statement Regarding Oral Argument                              1

Grounds for Review                                             2

(Do Constitutional rights invoke jurisdiction in Texas Appellate

Courts?)

Argument                                                     2, 3

Prayer for Relief                                              4

## IDENTITY OF PARTIES

213th District Court, Judge Louis Sturns

Appellant Pro Se, Samson M. Loynachan

*No counsel has litigated this issue on either side

INDEX OF AUTHORITIES

Texas Constitution, Article I § 12                    2

Texas Constitution, Article I § 13                    3

Texas Constitution, Article I § 19                    3

Texas Constitution, Article V § 6                  2, 3

U.S. Constitution, Amendment V                        3

U.S. Constitution, Amendment XIV                      3

## STATEMENT OF THE CASE

Appellant was convicted of felony murder, which was affirmed on appeal. Appellant, seeking collateral review, requested access to the Appellate Record from the Trial Court. The Trial Court denied Appellant's motions. Appellant filed a notice of appeal with the 2nd Court of Appeals. That court dismissed for want of jurisdiction stating that the district court's orders were not appealable.

The Appellant now seeks review in this Court on the question of jurisdiction.

## PROCEDURAL HISTORY

(1) Motion for transfer of Appellate Record filed in the District Court: 27 October 2014

(2) Addendum to above motion filed: 19 November 2014

(3) Second addendum to above motion filed: 11 December 2014

(4) Trial court denies all motions: 15 December 2014

(5) Notice of denial given to appellant: 23 March 2015

(6) Notice of appeal filed in 2nd COA: 4 May 2015

(7) Question of jurisdiction raised by COA: 5 May 2015

(8) Appellant files response to question of jurisdiction:

14 May 2015

(9) Court of appeals dismisses for want of jurisdiction:

25 June 2015


NO ORAL ARGUMENT REQUESTED

## GROUNDS FOR REVIEW

The 2nd Court of Appeals, citing various case law and presumably referncing TRAP 25.2(a)(2), ruled that the trial court's denial of access to the appellate record was not an appeallable order, and they therefore lacked jurisdiction.

(1) If a trial courts order denies a person of his state and/or federal constitutional rights, do those constitutional provisions fail to invoke jurisdiction in Texas Appellate Courts?

## ARGUMENT

Article V, § 6 of the Texas Constitution states: [The] Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law....[] Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

Appellant asserts that: The Texas and U.S. Constitution provide other jurisdiction as prescribed by law, under Article V, § 6.

In his (Grounds for Continuing Appeal) response to the 2nd court of appeals, appellant illustrated to that court that:

• The denial of the records by the District Court denied him of his state created right to file a complete writ of habeas corpus under Tex. Const. Art. I, § 12.

(2)

• Preventing appellant from submitting a complete writ of habeas corpus subsequently denies him the right to be heard by the Court of Criminal Appeals, which violates his rights of Due Process and Due Course of Law (Access to Courts) under U.S. Const. Amends V and XIV and Tex. Const. Art. I § 19, respectively.

• There are myriad rulings by the U.S. Supreme Court (that appellant provided to the court of appeals) holding that, denying an indigent applicant access to or a copy of the records denies his Constitutional right to Equal Protection under U.S. Amend XIV. Additionally, these (common-law) rulings afford the appellant an avenue of protection under Texas' Constitution, Art. I § 13.

While the appellant concedes that his response to the 2nd Court of Appeals was not a model of clarity, as a laymen, he did invoke all of these constitutional rights and cite them as grounds for appeal.

The court of appeals was mistaken in it's belief that appellant was simply furthering an argument of the appeal itself. These arguments may in fact be wholly relevant to the merits of the appeal, but, if state and federal constitutional law invoke appellate jurisdiction in Texas in accordance with Art. V § 6, then the court of appeals erred in dismissing the appeal for want of jurisdiction, as appellant brought these matters to the attention of that court.

State and federal constitutional rights have little value to the people if the courts do not have jurisdiction to provide a remedy under those same provisions.

## PRAYER FOR RELIEF

Wherefore, premises considered, appellant prays that this court over-rule the lower court's dismissal for want of jurisdiction and, finding that Texas' and U.S. Constitutions convey jurisdiction in Texas Courts, order the lower court to hear the appeal on it's merits.

Very Respectfully submitted,

SAMSON LOYNACHAN, #789266
PRO SE
12071 FM 3522
ABILENE, TX          79601



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00135-CR

SAMSON M. LOYNACHAN

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1233936R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Samson Loynachan was convicted of murder and received a life sentence in the Institutional Division of the Texas Department of Criminal Justice. *Loynachan v. State*, No. 13-12-00461-CR, 2013 WL 6730137 (Tex. App.—Corpus Christi Dec. 19, 2013, pet. ref'd) (mem. op., not designated for publication). Thereafter, on April 9, 2015, Appellant filed a notice of appeal

----

[1]*See* Tex. R. App. P. 47.4.

seeking a restricted appeal from the trial court's December 15, 2014 postconviction order denying his October 27, 2014 "Motion for Temporary Transfer of Appellate Record"; his November 19, 2014 "Addendum to: Motion for Temporary Transfer of Appellate Record"; and his December 11, 2014 "2nd Addendum to: Motion for Temporary Transfer of Appellate Record." *See* Tex. R. App. 30. Appellant needed the appellate record to prepare his postconviction application for writ of habeas corpus. On May 5, 2015, this court advised Appellant that it was concerned that it lacked jurisdiction because the trial court had not entered an appealable order and invited Appellant to file a response showing grounds for continuing the appeal by May 15, 2015. Appellant timely responded on May 14, 2015, but his response does not address this court's jurisdiction to hear his appeal but addresses, instead, the merits of the trial court's December 15, 2014 order.[2]

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only after a final judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). An appellate court lacks jurisdiction to review a trial court's ruling denying a party copies of documents in the record unless that order is in conjunction with an appeal over

---

[2]Appellant also objected to this court's treating his appeal as a criminal rather than as a civil proceeding. To be eligible for the extended deadlines of a restricted appeal under rule 30, Appellant must have his proceeding classified as a civil case. *See* Tex. R. App. P. 30 ("Restricted Appeal to Court of Appeals in Civil Cases"). For reasons explained in our opinion, we lack jurisdiction regardless of the application of rule 30.

which it has jurisdiction. *See Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.). Another court observed:

> [We have] jurisdiction over criminal appeals only when expressly granted by law. No statute vests this court with jurisdiction over an appeal from an order denying a request for a free copy of the trial record when such a request is not presented in conjunction with a timely[-]filed direct appeal. Furthermore, an intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases.

*Williamson v. State*, Nos. 10-12-00146-CR, 10-12-00147-CR, 10-12-00148-CR, 10-12-00149-CR, 2012 WL 2353684, at *1 (Tex. App.—Waco June 13, 2012, no pet.) (mem. op., not designated for publication) (citations omitted). Because Appellant's appeal is not in conjunction with an appeal over which we have jurisdiction, his notice of appeal does not invoke our jurisdiction to decide the merits of the trial court's order. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).[3]

---

[3]*See Ex parte Brown*, Nos. 02-12-00515-CR, 02-12-00516-CR, 02-12-00517-CR, 02-12-00518-CR, 2012 WL 6632770, at *1 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction an appeal from postconviction writ of habeas corpus in which appellant sought a copy of the trial court records without cost); *Hayman v. State*, No. 02-12-00336-CR, 2012 WL 6632761, at *1 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction a 2012 postconviction order denying appellant's motion requesting

3

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2015

---

records to assist appellant prepare pro se brief in conjunction with his 2008 conviction); *Crear v. State*, No. 14-05-00222-CR, 2005 WL 914123, at *1 (Tex. App.—Houston [14th Dist.] Apr. 21, 2005, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal of denial of pro se motion to obtain records and request for loan of trial records); *Self*, 122 S.W.3d at 294–95 (dismissing appeal for want of jurisdiction where trial court denied appellant's request for free copy of trial court's records to prosecute postconviction writ of habeas corpus).