**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 5, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00153-CR

### IN RE MARCOS LOPEZ ORTIZ, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 00CR1009**

### MEMORANDUM OPINION

On February 22, 2019, relator Marcos Lopez Ortiz filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. We affirmed relator's convictions for aggravated robbery and aggravated assault in 2002. *See Ortiz v. State*, Nos. 14–01–00556–CR & 14–

01–00557–CR, 2002 WL 1041054 (Tex. App.—Houston [14th Dist.] May 23, 2002, no pet.).

In his petition, relator alleges that he has filed petitions and motions in the trial court seeking a new trial based on newly discovered evidence, and that the Honorable Lonnie Cox, presiding judge of the 56th District Court of Galveston County, continues to deny or dismiss these alleged petitions and motions. Relator asks our court to compel Judge Cox to recuse himself.

Relator has not provided any record, but it appears that relator is seeking a writ of habeas corpus as provided by article 11.07 of the Texas Code of Criminal Procedure.[1] Courts of appeals generally have no jurisdiction over post-conviction writs of habeas corpus in felony cases or orders entered in such proceedings. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Board of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S. W.2d 481, 483 (Tex. Crim. App. 1995); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 295 (Tex. App.—Eastland 2003, no pet.). To complain about any action, or inaction, of the convicting court, the applicant may seek relief from the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 5. Because the relief sought in relator's petition relates

---

[1] Relator previously appealed the trial court's denial of his "motion for appointment of counsel on habeas corpus", which our court dismissed for want of jurisdiction. *See Ortiz v. State*, No. 14-17-00813-CR, 2017 WL 5196203, at *1 (Tex. App.—Houston [14th Dist.] Nov. 9, 2017, no pet.) (mem. op., not designated for publication).

2

to post-conviction relief from otherwise final felony convictions, this court is without jurisdiction to consider relator's petition.[2]

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] *See In re Fierro*, No. 03–12–00018–CV, 2012 WL 414020, *1 (Tex. App.—San Antonio Feb. 9, 2012, orig. proceeding) (holding that appellate courts have no jurisdiction over complaints about trial court's failure to address recusal motion filed in connection with post-conviction habeas proceeding).