Opinion filed June 6, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00158-CR
_____

## JONATHAN PAUL RENDON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR37410**

## M E M O R A N D U M   O P I N I O N

Jonathan Paul Rendon has filed a pro se notice of appeal from the trial court's denial of Rendon's motion for a copy of the reporter's record at no charge to Rendon. We dismiss the appeal.

The clerk of this court wrote Rendon on May 9, 2019, and informed him that it did not appear that the order from which he appeals is a final, appealable order. We requested that Rendon respond and show grounds to continue the appeal.

Rendon filed a response in which he asserts that he is "currently trying to research as to see if [he has] any merit to file an 1107 Writ of habeas Corpus for post conviction relief, and cannot do so without being able to access [his] complete records." In his response, Rendon does not address the appealability of the trial court's order, but he does ask that, in the event this court determines the order to be unappealable, we treat his notice of appeal as a notice of mandamus. We decline to do so as Rendon's notice of appeal does not meet the requirements of a petition for mandamus. *See* TEX. R. APP. P. 52.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). An intermediate court of appeals is not vested with jurisdiction to consider an appeal from an order denying a request for a free copy of the trial record when such request is not presented in conjunction with a timely filed appeal. *Self v. State*, 122 S.W.3d 294 (Tex. App.—Eastland 2003, no pet.); *see Yovanovitch v. State*, No. 02-16-00039-CR, 2016 WL 1163749, at *1 (Tex. App.—Fort Worth Mar. 24, 2016, no pet.) (mem. op., not designated for publication) (stating that no statute vests this court with such jurisdiction); *Hosea v. State*, No. 01-14-01017-CR, 2015 WL 831997, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet.) (mem. op., not designated for publication) ("The denial of a motion to obtain a free record is not an appealable order."); *Poole v. State*, No. 14-14-00081-CR, 2014 WL 1268617, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op., not designated for publication) (same). Rendon's request for a free reporter's record in this case was not presented in conjunction with a timely filed appeal from his conviction. Consequently, we have no jurisdiction to entertain this appeal.

This appeal is dismissed for want of jurisdiction.

PER CURIAM

June 6, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.