

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00221-CR
_____

FRANCISCO LLAMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 66,587-A (Counts I, II & III); Honorable Dan L. Schaap, Presiding

July 17, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Francisco Llamas, proceeding pro se, appeals from the trial court's purported denial of his *Motion for Free Copy of Court Reporter's Record.* We dismiss the appeal for want of jurisdiction.

In 2014, Appellant was convicted of three counts of sexual assault of a child[1] and sentenced to three concurrent twenty-year sentences. Appellant did not appeal his convictions. On December 20, 2018, Appellant filed a motion with the trial court requesting a free copy of the reporter's record for the purpose of preparing an application for writ of habeas corpus. By letter of January 3, 2019, the trial court notified Appellant that it had received the motion but would not entertain the request for a free record "in the absence of a showing of a particularized need for the record." On June 18, 2019, Appellant filed a notice of appeal with this court from "the final order dismissing motion for free copy of court reporter's record entered on 3rd day of January 2019," and a motion for an extension of time to file the notice of appeal.

In a criminal case, a defendant has the right to appeal "a judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2). An order is only appealable where specifically authorized by a statutory or constitutional provision. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law.").

Here, the trial court has not issued an order denying Appellant's *Motion for Free Copy of Court Reporter's Record*. Instead, it has refused to rule on the motion. Even if the trial court had signed an order denying Appellant's motion, the denial of a motion to obtain a free record is not an appealable order. *Self v. State,* 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (holding that an appellate court has no jurisdiction

---

[1] TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2019).

over an appeal from an order denying a request for a free copy of the record unless the request is presented in conjunction with a timely-filed appeal).

Because Appellant has not presented this court with an appealable order, we are without jurisdiction to grant Appellant any relief.[2]    Accordingly, we deny Appellant's motion for an extension of time to file a notice of appeal as moot and dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief from the trial court's refusal to rule on the *Motion for Free Copy of Court Reporter's Record* by filing a petition for writ of mandamus pursuant to Rule of Appellate Procedure 52.3.