**Opinion filed September 11, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00196-CR
_____

### ALFRED LEE RICE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR41089**

## M E M O R A N D U M   O P I N I O N

Alfred Lee Rice has filed a pro se notice of appeal from the trial court's denial of Rice's motion for a copy of the reporter's record at no charge to Rice. Rice desired to review the reporter's record to investigate potential claims for a postconviction writ of habeas corpus. We dismiss the appeal.

The clerk of this court wrote to Rice on August 17, 2020, and informed him that it did not appear that the order from which he attempts to appeal is a final,

appealable order. We requested that Rice respond and show grounds to continue the appeal. Rice filed a response in which he suggests that we should entertain the appeal as the First Court of Appeals did in *Artiga v. State*, No. 01-16-00363-CR, 2016 WL 6599638, at *1 (Tex. App.—Houston [1st Dist.] Nov. 8, 2016, no pet.) (mem. op., not designated for publication). We note that *Artiga* does not support Rice's position. In *Artiga*, the court held: "Because this appeal does not fall within any exceptions to the general rule that appeals may be taken only from a final judgment of conviction, we have no jurisdiction over the attempted appeal." *Artiga*, 2016 WL 6499638 (citing *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008)).

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott*, 271 S.W.3d at 696–97. An intermediate court of appeals is not vested with jurisdiction to consider an appeal from an order denying a request for a free copy of the trial record when such request is not presented in conjunction with a timely filed appeal. *Self v. State*, 122 S.W.3d 294 (Tex. App.—Eastland 2003, no pet.); *see Yovanovitch v. State*, No. 02-16-00039-CR, 2016 WL 1163749, at *1 (Tex. App.—Fort Worth Mar. 24, 2016, no pet.) (mem. op., not designated for publication) (stating that no statute vests this court with such jurisdiction); *Hosea v. State*, No. 01-14-01017-CR, 2015 WL 831997, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet.) (mem. op., not designated for publication) ("The denial of a motion to obtain a free record is not an appealable order." (quoting *Poole v. State*, No. 14-14-00081-CR, 2014 WL 1268617, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op., not designated for publication) (same)). Rice's request for a free reporter's record in this case was not presented in conjunction with a timely filed appeal from his conviction. Consequently, we have no jurisdiction to entertain this appeal.

Rice asks that, in the event this court determines the order to be unappealable, we treat his notice of appeal as a notice of mandamus. We decline to do so as Rice's notice of appeal does not meet the requirements of a petition for writ of mandamus. *See* TEX. R. APP. P. 52.

This appeal is dismissed for want of jurisdiction.

PER CURIAM

September 11, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.